*553 OPINION OF THE COURT
Linda Christopher, J.
Motion to Dismiss
In this matrimonial action the defendant moves for an order dismissing the action pursuant to CPLR 3012 (b), for failing to serve a complaint consistent with the plaintiff’s affidavit of merit, as required by the order granting plaintiff leave to serve a late complaint.
The plaintiff cross-moves for an order directing defendant (1) to transfer sufficient funds to replenish the escrow account at Fredman Baken & Kosan LLP pursuant to the prior decisions and orders of this court, in the sum of $105,000; and (2) to pay counsel fees to Fredman Baken & Kosan LLP for services expended by plaintiff in connection with the prosecution of the seventh contempt proceeding against defendant which culminated in her arrest and her ultimate compliance with the orders of the court directing her to recover from her parents and deposit $1,221,693.51 in a bank account in New York State.
The parties were married on October xx, 19xx. The action for divorce was commenced on xx xx, 2004 with the filing of a summons with notice. On September 15, 2004 a notice of appearance containing a demand for the complaint was served upon plaintiff. In or about August 2010 a decision on the issue of equitable distribution was rendered by Referee Reynold Snyder following a 26-day trial. Subsequent thereto, in or about December 2010 defendant moved to, inter alia, dismiss the action pursuant to CPLR 3012 (b), based on plaintiffs failure to serve a complaint. On March 21, 2011 the Honorable Sam D. Walker rendered a decision and order finding that the lack of a verified complaint in this matter was not a basis for dismissal. Justice Walker found that “[i]n this matter it would work a tremendous injustice upon the Plaintiff to reward Defendant’s numerous and contemptuous defaults in this action by permitting the dismissal on this technical and procedural ground.” (Mar. 21, 2011 decision and order at 5.) Pursuant to the March 21, 2011 decision and order, plaintiff was granted 20 days from the date of the decision to serve and file “a verified complaint consistent with the allegations contained in the affidavit of merit submitted in connection with [the] motion.” Defendant was granted 20 days to answer the complaint and if her answer constituted a denial or counterclaim with respect to the grounds, a fault hearing was to be conducted. On April 8, 2011 plaintiff *554 served a verified complaint and on May 5, 2011 defendant filed the instant motion to dismiss the complaint.
Defendant argues that plaintiff failed to comply with the condition of Justice Walker’s order requiring that the complaint be “consistent” with the affidavit of merits in that the complaint contains additional allegations that are not included in the affidavit of merits. She claims that the crux of the allegations set forth in the affidavit of merits concern defendant’s lack of respect for plaintiff and her belittling of him. Defendant asserts specifically, that since the allegations in paragraphs 14-17 (in connection with defendant’s relationship with another woman) and in paragraph 30 (regarding the cessation of the parties engaging in sexual relations more than two years prior) of the complaint were not raised in the affidavit of merits, the complaint is inconsistent with the affidavit of merits. Therefore, defendant contends that plaintiff did not serve a complaint as required by Justice Walker’s order, and plaintiff is in default of his obligation under CPLR 3012 (b), necessitating the dismissal of the action. Defendant further argues that in the event that the court does not dismiss the complaint, then the allegations set forth in paragraphs 14-17 and in paragraph 30 of the complaint, which were not raised in the affidavit of merits, must be stricken.
Plaintiff argues that based on the definition of “consistent” all of the allegations contained in the complaint are consistent[1] with the affidavit of merits. He claims that the purpose of the affidavit of merits is to merely set forth that there is prima facie merit to plaintiffs claim, but that it need not contain all the exact allegations that are in the complaint. Plaintiff avers that contrary to defendant’s assertions, the fact that the allegations set forth in paragraphs 14-17 and paragraph 30 of the complaint are not specifically set forth in the affidavit of merits, does not render the complaint defective. The plaintiff asserts that the allegations in the affidavit of merits include specific acts of cruel and inhuman treatment engaged in by defendant, as well as a course of conduct by defendant which endangered plaintiff’s physical and mental well-being so that it became unsafe and improper for plaintiff to cohabit with defendant. Plaintiff’s complaint pleads a cause of action for divorce on the ground of *555 cruel and inhuman treatment. Plaintiff contends that the allegations contained in paragraphs 14-17 of the complaint regarding defendant’s adulterous relationship with another woman merely evidence an additional act of defendant’s cruel and inhuman treatment of plaintiff, and that while these allegations are not specifically contained in the affidavit of merits, they are consistent with the allegations in the affidavit of merits concerning a course of conduct endangering plaintiffs physical and mental well-being, a deterioration of the parties’ relationship and defendant’s failure to treat plaintiff with respect. Similarly, plaintiff claims that the allegation contained in paragraph 30 of the complaint (regarding the cessation of the parties engaging in sexual relations more than two years prior) is specifically related to the paragraph in the affidavit of merits which refers to the “termination of marital relations” between the parties.
Based on the foregoing, the court does not find that defendant’s argument that the complaint is inconsistent with the affidavit of merits because of the inclusion in the complaint of the allegations contained in paragraphs 14-17 (regarding defendant’s adulterous relationship with another woman) and in paragraph 30 (regarding the cessation of the parties engaging in sexual relations more than two years prior) that were not included in the affidavit of merit, to be persuasive. The defendant does not provide any authority to support her argument that the complaint and affidavit of merits must be identical. The purpose of the affidavit of merits is to set forth that there is prima facie merit to plaintiffs claim. (See Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3012:12, at 56.) Once a prima facie case is established, then the complaint may be filed. The instant complaint does not deviate from the affidavit of merits; it sets forth one cause of action for divorce based on cruel and inhuman treatment of the plaintiff by the defendant. The five additional allegations (specifically paragraphs 14-17 [regarding defendant’s adulterous relationship with another woman] and paragraph 30 [regarding the cessation of the parties engaging in sexual relations more than two years prior]) that were not set forth in the affidavit of merits only serve to further support the cause of action based on cruel and inhuman treatment. The court does not find that the addition of these allegations to the complaint constitutes a violation of Justice Walker’s order requiring that the verified complaint be “consistent” with the allegations contained in the affidavit of merit. The court finds that the additional allega *556 tions are consistent with the allegations contained in the affidavit of merits concerning the acts of cruel and inhuman treatment of plaintiff by the defendant, and a course of conduct by defendant which endangered plaintiff’s physical and mental well-being rendering it unsafe and improper for him to cohabit with defendant.
Accordingly the court finds that plaintiff is not in default of his obligation under CPLR 3012 (b), and defendant’s motion to dismiss the complaint is denied. Additionally, the court does not find that there is any basis to strike these additional allegations from the complaint. Defendant will have an opportunity to file an answer to the allegations and if necessary, a hearing will be held with regard to any allegations that are denied by defendant. Defendant shall file and serve an answer to the complaint within 20 days of the date of this decision and order.
Cross Motion to Replenish Escrow Account
Pursuant to the decision and order dated August 25, 2009 rendered by Honorable Sam D. Walker, J.S.C., as a result of defendant having transferred certain funds to her parents in contravention of a directive not to remove said funds, defendant was directed to deliver these funds to plaintiffs counsel to be “held in an interest bearing escrow for the benefit of the parties pending determination of equitable distribution in this case.” In or about September 2009 an escrow account was established with funds in the amount of $341,282.57. Subsequent thereto, pursuant to the decision and order dated March 21, 2011 issued by Honorable Sam D. Walker, J.S.C., $55,000 in counsel fees (that were awarded to plaintiff in connection with various contempt proceedings) and a fine of $50,000 (granted to plaintiff for defendant’s numerous acts of contempt), for a total of $105,000, were released from the escrow account to be paid to plaintiffs counsel and plaintiff, respectively.
Plaintiff is requesting that the court direct defendant to transfer sufficient funds to replenish the escrow account at Fredman Baken & Kosan LLP pursuant to the prior decisions and orders of this court, in the sum of $105,000. Plaintiff claims that since the purpose of the escrow account was to be for the benefit of the parties pending determination of equitable distribution, and since the equitable distribution award to plaintiff far exceeds the original escrow amount, the escrow account should be replenished by the sum of $105,000 which represents fines and counsel fees (not equitable distribution payments) *557 that were paid out of the escrow which defendant should have paid from her own funds.[2]
Defendant asserts that the withdrawals from the escrow account were made pursuant to court order, and that the order did not direct the account be replenished. Additionally, defendant claims that the escrow was established as a remedy for contempt, not for the purpose of providing security for plaintiff.
The court finds that plaintiff has not established a sufficient basis to entitle him to the relief requested, and his application to replenish the escrow account is denied. Justice Walker’s decision and order dated March 21, 2011, directing the release of the funds from the escrow to provide payment of counsel fees and a fine that were awarded to plaintiff in connection with contempt proceedings, did not direct that the escrow account be replenished by defendant for those sums paid out. Also, the court notes that Justice Walker’s direction to release funds from the escrow to pay the counsel fees that were awarded to plaintiff resulted in part from plaintiffs request for same. (See affirmation in opposition to defendant’s motion and in support of cross motion, at 7, 1i 25.)
Cross Motion for Award of Counsel Fees
Plaintiff seeks counsel fees pursuant to an order dated May 6, 2011 granting plaintiff the right, with defendant’s consent, to seek to recover further counsel fees expended by him in connection with the prosecution of the contempt proceeding that resulted in defendant’s arrest on May 6, 2011. That same order dated May 6, 2011 sets forth the terms and conditions upon which defendant was to be released from custody, and her contempt purged. By order of discharge of same date, defendant was discharged from custody at the Westchester County jail. It is plaintiffs contention that the substantial counsel fees that were expended to enforce defendant’s compliance with the order dated October 2, 2009, directing defendant to return funds in excess of one million dollars to New York, must be paid by defendant. Plaintiff is seeking counsel fees in the sum of $46,504 which were incurred subsequent to April 16, 2010, the date the court awarded plaintiff $40,000 toward counsel fees on his contempt application.
*558 Defendant argues that there is no basis for the relief plaintiff seeks. She alleges that there is no claim before the court that defendant is currently in default of any court order. Defendant further asserts that the most recent orders in this matter, dated March 21, 2011 and May 6, 2011, resolved all of the plaintiffs claims in that regard, and awarded him additional counsel fees on the basis of those claims. She claims that the contempt has been purged and the contempt applications have been concluded. Moreover, defendant asserts that plaintiff has already been awarded $125,000 in counsel fees as a result of contempt applications, and that there is no basis on this application for any more. Defendant contends that any entitlement plaintiff may have to counsel fees with respect to his most recent enforcement application was satisfied and extinguished by the order of March 21, 2011 deciding that application. She alleges that there has not been any enforcement application subsequent thereto, and consequently, there is no further entitlement to counsel fees.
It appears from the parties’ submissions, although not entirely clear, that the last application made to the court to hold defendant in contempt was made in or about September 2010, and resulted in the decision and order dated March 21, 2011, pursuant to which plaintiff was granted $15,000 in counsel fees based on the finding of contempt. As this court has not been made aware of any further contempt applications having been made by plaintiff, the court finds that plaintiff is not entitled to any further counsel fees, and plaintiffs application is denied. Additionally, the court notes that while plaintiff is seeking counsel fees incurred subsequent to April 16, 2010, the last application for contempt was made in or about September 2010, and counsel fees were awarded pursuant to the decision and order rendered on March 21, 2011, in connection therewith.
All matters not decided herein are denied.

. Plaintiff notes that the Merriam-Webster dictionary defines “consistent” as “not having or showing any apparent conflict,” and “marked by harmony, regularity or steady continuity: free from variation or contradiction.”

. Plaintiff contends that the decision and order rendered by Referee Snyder in August 2010, after the equitable distribution trial, provided for an equitable distribution award to plaintiff in the amount of approximately 1.8 million dollars.